McKinney, J.,
delivered the opinion of the Court.
The substance of the charge in the indictment is, *106 that the defendants “unlawfully did bet, wager and hazard one watch of the value of five dollars,” &c., at and upon “ a certain contest of skill and hazard, commonly called shooting; which was then and there unlawfully contested, had, and shot at a mark, nearer than two hundred yards of a certain public road, of the second class,” &c.
The defendants were convicted, and appealed in error. The error assigned is, that the indictment charges no criminal offence.
All the statutes upon the subject of Gaming, are to be taken together as one law. 5 Yerg., 184, 144, 150. The act of 1817, ch. 61, § 7, has this provision: “ Nothing, herein contained shall be so construed as to prevent shooting-matches.” Prior to this enactment, betting on a shooting-match was indictable, under the acts of 1799, and 1803. The act of 1821, ch. 68, § 1, declares that, “Any person or persons who shall shoot at a mark, within the bounds of any town, or within' two hundred yards of any public road, of the first or second class; such person or persons so offending, shall be subject to a fine of ten dollars each; to be recovered before any justice of the peace within the county where such offence may be committed, for the benefit of the informer.”
Taking the latter act, and the foregoing provision of the act of 1817, as “one law,” the shooting prohibited by the act of 1821, is not within the exemption of the act of 1817; the act of 1821 only gives a penalty, and is construed without reference to other acts upon the same subject: it is clear that the offence thereby created is not indictable; and whether indictable, *107 when; taken in connection with previous enactments, is a question upon which we, at present, intimate no opinion. It is not necessary for the decision of the case before us, that, we should do so. For, it is conceded, that the shooting contemplated by the act of 1821 is unlawful; and being so, to wager or bet upon such unlawful act, is an indictable offence, under the general provisions of our statutory law against gaming. The principle of the case of Huff vs. The State, 2 Swan, 219, applies to this case. The conviction was therefore proper, and the judgment is affirmed.